IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| THOMAS W. WALDREP, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 3:25-cv-171-RAH-SMD |
| STATE FARM FIRE AND CASUALTY COMPANY, | ) ) ) ) |
| Defendant. | ) ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This lawsuit stems from fire damage to the structure and personal property of Plaintiff Thomas W. Waldrep ("Waldrep"). Compl. (Doc. 1-1). Waldrep sued his insurance carrier—Defendant State Farm Fire and Casualty Company ("State Farm")—in state court for breach of contract, bad faith, misrepresentation, and suppression of material facts, claiming that State Farm failed to pay the proper replacement amount for his property. Compl. (Doc. 1-1); Am. Compl. (Doc. 9). State Farm removed the case to this Court, Not. Rem. (Doc. 1), and now moves to dismiss Waldrep's fraud claims for misrepresentation (Count III) and suppression of material fact (Count IV). Mot. (Doc. 16). For the following reasons, the undersigned recommends that State Farm's motion be granted and Waldrep's fraud claims dismissed.

**I.   JURISDICTION**

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Relevant here, federal courts have jurisdiction over cases

in which the amount in controversy exceeds $75,000.00 and there is complete diversity of citizenship among the parties. 28 U.S.C. § 1332(a); *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 437 (2019). Courts presume that causes of action "lie[ ] outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377. In the context of removal, "the burden of establishing removal jurisdiction rests with the defendant seeking removal." *Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013).

Here, Waldrep is a citizen of Alabama,[1] and State Farm is a citizen of Illinois.[2] The amount in controversy exceeds $75,000.00. *See generally* Compl. (Doc. 1-1).[3] Therefore, because Waldrep and State Farm are diverse in citizenship and the amount in controversy exceeds 75,000.00, this Court has diversity jurisdiction over Waldrep's complaint.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 8 provides the standard for pleadings. Under Rule 8, a pleading must contain "a short and plain statement of the claim showing that the pleader

---

[1] *See* Corp. Discl. (Doc. 12) p. 1 (Waldrep "is a natural person, and his domicile and residence are in Randolph County, Alabama."); *see also McDonald v. Equitable Life Ins. Co. of Iowa*, 13 F. Supp. 2d 1279, 1280 n.1 (M.D. Ala. July 30, 1998) ("For purposes of diversity jurisdiction, the terms citizenship and domicile are synonymous.") (internal quotations omitted).

[2] *See* Corp. Discl. (Doc. 4) p. 1 ("State Farm is a corporation formed under the laws of the State of Illinois, with its principal place of business in Bloomington, Illinois."); *see also Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1021 n.1 (11th Cir. 2004) ("[C]orporations are citizens in the states of their incorporation and their principal place of business.").

[3] Waldrep's original complaint seeks an indeterminate amount of damages. Compl. (Doc. 1-1). However, it alleges that State Farm is required to pay the replacement cost of the property up to the policy limits. *Id*. p. 2. State Farm's policy provides benefits in excess of $75,000.00. *See* Policy (Doc. 1-2). Further, Waldrep seeks punitive damages in the original complaint. Compl. (Doc. 1-1). Exercising judicial experience and common sense, the undersigned finds that these allegations are sufficient to show that the amount in controversy exceeds $75,000.00.

is entitled" to the relief sought. FED. R. CIV. P. 8(a)(2). This standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint that merely relies on "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient to meet the standard of Rule 8. *Twombly*, 550 U.S. at 555.

Additionally, a plaintiff asserting a claim for fraud is subject to the heightened pleading standard imposed by Rule 9(b). Under Rule 9(b), a plaintiff must allege "(1) precisely what statements or omissions were made in which documents . . . ; (2) the time and place of each such statement and the person responsible for making . . . them; (3) the content of such statements and the manner in which they misled the plaintiff; and (4) what the defendant obtained as a consequence of the fraud." *FindWhat Inv'r Grp. v. FindWhat.com*, 658 F.3d 1282, 1296 (11th Cir. 2011).

Under Rule 12(b)(6), a court may dismiss a complaint if it fails to state a claim on which relief can be granted. FED. R. CIV. P. 12(b)(6). To survive a motion to dismiss, a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). This standard "'calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the defendant's liability." *Id.* (quoting *Twombly*, 550 U.S. at 556). A reviewing court must accept all factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *Dusek v. JPMorgan Chase & Co.*, 832 F.3d 1243, 1246 (11th Cir. 2016). A court gives legal

conclusions—e.g., formulaic recitations of the elements of a cause of action—no presumption of truth. *Mamani v. Berzain*, 654 F.3d 1148, 1153 (11th Cir. 2011).

## III.   FACTUAL ALLEGATIONS[4]

Waldrep purchased a Homeowners Policy (the "policy") from State Farm to cover his barn and its contents (the "property"). Am. Compl. (Doc. 1) p. 1. During the purchase of the policy and in the policy itself, State Farm represented to Waldrep that if he suffered a loss, State Farm would pay his claim based on the replacement cost of the property. *Id*. at 5.

In April 2024, the property was damaged by fire. *Id*. at 1. State Farm informed Waldrep that the replacement cost for the barn was $49,957.35, and that the replacement cost for his personal property was $62,139.29. *Id*. at 6. Waldrep contends that the replacement costs for both were higher. *Id*.

## IV.   ANALYSIS

State Farm moves to dismiss Waldrep's fraud claims for misrepresentation (Count III) and suppression of material facts (Count IV), arguing that (1) Alabama law bars these claims because they are inextricably intertwined with Waldrep's breach of contract claim; and (2) Waldrep has not sufficiently pleaded these fraud claims as required under Rule 9(b). Mot. (Doc. 16). The undersigned examines each argument in turn.

---

[4] For purposes of this Recommendation, the undersigned sets forth Waldrep's well-pleaded factual allegations and accepts them as true.

### A.  Whether the fraud claims are inextricably intertwined with the breach of contract claim.

Under Alabama law, "[a] mere breach of a contractual provision is not sufficient to support a charge of fraud." *Brown-Marx Assocs., Ltd. v. Emigrant Sav. Bank*, 703 F.2d 1361, 1370-71 (11th Cir. 1983). "[T]o assert a fraud claim that stems from the same general facts as one's breach-of-contract claim, the fraud claim must be based on representations independent from the promises in the contract and must independently satisfy the elements of fraud." *Hunt v. Petroleum Corp. v. State*, 901 So. 2d 1, 10-11 (Ala. 2004) (Houston, J., concurring); *see also Muncher v. NCR Corp.*, 2017 WL 2774805, at *16-17 (N.D. Ala. June 27, 2017) (noting that although Justice Houston's concurrence in *Hunt* is non-binding it is still a "correct statement[] of Alabama law").

In his breach of contract claim, Waldrep contends that State Farm "failed to pay [him] the amounts to which he is entitled for the destruction and damage" to the property pursuant to the policy. Am. Compl. (Doc. 9) p. 3. He asserts that State Farm's failure was the result of it "assigning a value" to the property "less than the replacement cost." *Id*. Thus, the crux of Waldrep's breach of contract claim rests on the disputed value of the replacement cost for the property.

Although Waldrep attempts to reframe this dispute, his fraud claims rely on the same factual basis as his breach of contract claim. Waldrep's misrepresentation claim alleges that State Farm informed him that the replacement costs for his barn and personal property were $49,957.35 and $62,139.29, respectively, even though State Farm knew these representations were false. *Id*. at 6. Similarly, Waldrep's suppression of material fact

claim asserts that State Farm was required to disclose that it "would not adjust or pay his claim based on the replacement cost of the damaged or destroyed property" and "would not adjust and pay his claim in accordance with his Policy[.]" *Id*. at 7-8. These are the same general facts forming the basis of Waldrep's breach of contract claim and are not independent from the promises made in the policy. Therefore, Waldrep's fraud claims are inextricably intertwined with his breach of contract claim and do not support independent claims for fraud. As such, the fraud claims should be dismissed.

**B.     Whether the fraud claims are pleaded with sufficient particularity.**

Alternatively, Waldrep's fraud claims should be dismissed because they are not pleaded with sufficient particularity to satisfy Rule 9(b). The purpose of Rule 9(b)'s particularity requirement is to "alert[] defendants to the precise misconduct with which they are charged and protect[] defendants against spurious charges of immoral and fraudulent behavior." *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001) (internal quotation marks omitted). To comply with Rule 9(b), a "plaintiff must plead facts as to time, place, and substance of the defendant's alleged fraud, specifically the details of the defendant[']s[] allegedly fraudulent acts, when they occurred, and who engaged in them." *U.S. ex rel Clausen v. Lab. Corp. of Am.*, 290 F.3d 1301, 1310 (11th Cir. 2002) (internal quotations omitted). This requires more than conclusory allegations that certain statements were fraudulent; it requires that a complaint plead facts giving rise to an inference of fraud. *Id*. at 1313 ("If Rule 9(b) is to carry any water, it must mean that an essential allegation and circumstance of fraudulent conduct cannot be alleged in [ ] [a]

conclusory fashion. . . . . [A] plaintiff is not expected to actually *prove* his allegations," but must offer more than "mere conjecture.").

Here, the amended complaint is devoid of allegations stating the who, what, when, where, and why of the alleged misrepresentation and suppression that supports Waldrep's fraud claims. Instead, the amended complaint asserts—in conclusory fashion—that State Farm misrepresented that, "at or near the time he purchased the policy" and within "the policy itself," it would pay the replacement cost of the property. Am. Compl. (Doc. 9) p. 5. However, after the property was destroyed, Waldrep contends that State Farm represented the replacement cost of the property to be a value less than the actual replacement cost. *Id*. at 6. The amended complaint also asserts—in conclusory fashion—that State Farm withheld from Waldrep that it "would not adjust or pay his claim based on the replacement cost of the damaged or destroyed property" and "would create reasons to deny his claim." *Id*. at 7-8. Simply put, these bare bones allegations are insufficient to satisfy Rule 9(b)'s pleading requirement for fraud and therefore should be dismissed.

## V.   CONCLUSION

For the reasons set forth above, it is the

RECOMMENDATION of the undersigned Chief United States Magistrate Judge that State Farm's Partial Motion to Dismiss (Doc. 16) be GRANTED and that Waldrep's fraud claims—Count III (misrepresentation) and Count IV (suppression of material fact)—be DISMISSED. It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before June 2, 2025**. A party must specifically identify the factual findings and legal

conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 19th day of May 2025.

/s/ Stephen M. Doyle

Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE